UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | ) | Case No.: CR04-0179-MJB-JPD |
|---|---|---|
| Plaintiff, | ) | |
| | ) | SUMMARY REPORT OF U.S. |
| v. | ) | MAGISTRATE JUDGE AS TO |
| | ) | ALLEGED VIOLATIONS |
| IRA DWAYNE ALEXANDER, | ) | OF SUPERVISED RELEASE |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    A probation revocation hearing on supervised release violations was held before the undersigned Magistrate Judge on July 13, 2005. The United States was represented by Assistant United States Attorney Vincent T. Lombardi, and the defendant by Mr. Robert Gombiner. The proceedings were recorded on cassette tape.

    The defendant had been sentenced on or about December 8, 2003, in the Eastern District of Virginia, on a second-offense charge of driving while under the influence of alcohol. The defendant was sentenced to three (3) years probation and special conditions were imposed.

    Jurisdiction of this case was transferred to the Western District of Washington on February 20, 2004. Defendant signed a waiver of hearing to modify conditions of probation and agreed to reside in a Community Sanction Center (CSC) for up to 30 days. This modification was authorized by the Court.

REPORT AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE AS TO ALLEGED
VIOLATIONS OF SUPERVISED RELEASE
PAGE 1

On February 23, 2004, a summons was issued to defendant for violation of his conditions of supervision, and for fourth-degree assault. With his consent, defendant's terms of supervision were modified requiring him to reside in a CSC for up to 180 days, and this modification was approved by the Court.

On May 21, 2004, defendant admitted to the February 23, 2004, alleged violations, and among other modifications imposed, defendant was ordered transferred to the Eastern District of Virginia whenever a suitable transition plan had been established.

Defendant was authorized to travel to El Paso, Texas, to reside with his mother in June of 2004. A request for transfer of supervision was submitted to and denied by the U.S. Probation Office in the Western District of Texas. Defendant was instructed to return to the Western District of Washington, but he failed to do so, and his whereabouts were unknown at that time. In October 2004, defendant advised the probation office of where he was residing, and ultimately returned to the Western District of Washington on September 29, 2004. Upon his return, defendant's probation was modified requiring him to reside in a CSC for up to 120 days, where he continued to have difficulties with supervision, and again in January 2005, a 60-day extension at the CSC was authorized by the Court. Defendant remained at the CSC until March 28, 2005, when he was discharged after the court-authorized term expired.

In the Violation Report and Request for Warrant dated June 10, 2005, U.S. Probation Officer Christopher S. Luscher asserted the following violations of the conditions of supervised release:

(1) Failing to follow the instructions of his probation officer, in violation of standard condition No. 3; and

(2) Failing to work regularly at a lawful occupation, in violation of standard condition No. 5.

The defendant admitted to violations No. 1 and No. 2, and waived any evidentiary hearing as to whether they occurred.

I therefore recommend that the Court find the defendant violated his supervised release as to violations No. 1 and No. 2. A hearing has been set before the Honorable Monica J. Benton, on July 14, 2005, at 11:00 a.m. for disposition of these violations.

Pending a final determination by the Court, the defendant has been detained.

DATED this 13th day of July, 2005.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

cc:  Magistrate Judge:        The Hon. Monica J. Benton
     AUSA:                    Mr. Vincent T. Lombardi
     Defendant's attorney:    Mr. Robert Gombiner
     Probation officer:       Mr. Christopher S. Luscher

REPORT AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE AS TO ALLEGED
VIOLATIONS OF SUPERVISED RELEASE
PAGE 3